UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOUCAN PARTNERS, LLC,
a Florida Limited Liability Company, and
NARCONON SPRING HILL, INC.,
a Florida corporation,

       Plaintiffs,

vs.                                                CASE NO: 8:11-cv-01368-T-27TGW

HERNANDO COUNTY, FLORIDA,
a political subdivision of the State of Florida,

       Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff Narconon Spring Hill's Motion for Entry of Permanent Injunction Based on Jury Finding of Intentional Discrimination, Motion for Entry of Judgment, and Supporting Memorandum of Law (Dkt. 117). Narconon requests entry of a Final Judgment and Injunction declaring, *inter alia*, that the Special Exception Use Permit SE0901 sought by co-plaintiff Toucan Partners, LLC ("**Toucan**") be deemed valid and in full force as of the date of the Judgment. Essentially, Narconon seeks an injunction directing the County to issue the special use permit submitted by Toucan based on the jury's verdict that the County discriminated against Narconon when it denied Toucan's January 2009 permit application.

Narconon has not demonstrated a substantial likelihood that the County will continue to act in a discriminatory manner toward it, absent a mandatory injunction. Accordingly, Narcocon's request for injunctive relief is DENIED.

## Background

Toucan owns property in Hernando County, which it leases to Narconon for the purpose of providing residential rehabilitative services to adults recovering from alcohol and drug addiction. *See* Joint Pretrial Statement (Dkt. 59), p. 1. On January 28, 2009, Toucan applied for a Special Exception Use Permit in order to construct additional facilities on the property to expand the services provided by Narconon. *Id.* The County ultimately denied Toucan's application. *Id.* Plaintiffs filed this action contending that the County's denial of the permit violated the Fair Housing Act ("**FHA**") and the Americans with Disabilities Act ("**ADA**"). *Id.* In their Complaint, Plaintiffs requested declaratory and monetary relief together with a final judgment "[r]equiring such action by the County as may be necessary to restore all persons aggrieved by the County's discriminatory housing practices to the position they would have occupied but for such discriminatory conduct."[1]

On January 1, 2013, a jury returned a verdict finding that the County discriminated against Narconon on the basis of disability in denying the January 2009 application for a special use permit submitted by Toucan and awarded $74,490.00 in damages to Narconon (Dkt. 116). The jury rejected Narconon's claim that the County failed to provide Narconon with a reasonable

---

[1] Narconon delineated the specific nature of the equitable relief sought for the first time in its motion for permanent injunction. In addition, Narconon failed to follow the proper procedures required in seeking injunctive relief. For example, the Complaint fails to comply with Local Rule 1.06(b), which requires that pleadings requesting injunctive relief include the words "Injunctive Relief Sought" or the equivalent in the title of the pleading. Moreover, Narconon does not reference injunctive relief anywhere in the Joint Pretrial Statement. *See Harvey v. City of Bradenton, Fla.*, No. 8:04-cv-1748-T-EAJ, 2006 WL 1152060 (M.D. Fla. May 1, 2006) (denying post-verdict motion for injunctive relief when requests were not properly preserved in pleadings and pretrial statement); *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1076 (M.D. Fla. 1989) (striking request for injunctive relief based on plaintiff's failure to comply with local rule).

accommodation. *Id.* The jury rejected Toucan's claims that the County violated either the FHA or ADA in denying its application for the special use permit.

### Applicable Standards

The FHA provides various remedies when a discriminatory housing practice has occurred:

> the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of this section,[2] may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

42 U.S.C. § 3613(c)(1).

"The primary purpose of an injunction in Fair Housing Act cases is to prevent future violations of the Act and to eliminate any possible recurrence of a discriminatory housing practice." *United States v. Warwick Mobile Home Estates, Inc.*, 558 F.2d 194, (4th Cir. 1977). The purpose of injunctive relief under the FHA is consistent with the general rule that "an injunction is limited to prospective relief." *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005). Indeed, preventing irreparable harm *in the future* is "the *sine qua non* of injunctive relief." *Northeast Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlack v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)).

---

[2] Subsection (d), entitled "Effect on certain sales, encumbrances, and rentals," provides:
> Relief granted under this section shall not affect any contract, sale, encumbrance, or lease consummated before the granting of such relief and involving a bona fide purchaser, encumbrancer, or tenant, without actual notice of the filing of a complaint with the Secretary or civil action under this subchapter.

3

It follows that with respect to Narconon's request for injunctive relief, it must demonstrate a likelihood that the County will discriminate against it in the future. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). That is, injunctive relief should not be granted unless "there exists some cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); see *Meltzer v. Board of Public Instruction of Orange, County, Fla.*, 548 F.2d 559, 567 n.13, *rehearing granted*, 553 F.2d 1008, *on rehearing en banc*, 577 F.2d 311(5th Cir. 1977).

While an order requiring a defendant to take affirmative action may, in some circumstances, be appropriate under the FHA,[3] "a court should impose upon a defendant no restriction greater than necessary to protect the plaintiff from the injury of which he complains. *See* McClintock on Equity § 146 (2d ed. 1948)." *Meltzer*, 548 F.2d at 568 (quoting *United States v. Hunter*, 459 F.2d 205, 219 (4th Cir. 1972)). That is, a "district court should not order relief that is more intrusive on governmental functions than is necessary to achieve the goals of the Fair Housing Act." *Park View Heights Corp. v. City of Black Jack*, 605 F.2d 1033, 1040 (8th Cir. 1979). "Appropriate relief ... is to be determined on a case-by-case basis ... with relief tailored in each instance to the needs of the particular situation." *U.S. v. Jamestown Center-in-the-Grove Apartments*, 557 F.2d 1079, 1080 (5th Cir. 1977). "Furthermore, framing an injunction appropriate

---

[3] A mandatory injunction requiring defendant to do some positive act, rather than simply prohibitory equity relief, ordinarily should be granted only when compelling circumstances are present. *See Citizens Concerned, Etc. v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

4

to the facts of a particular case is a matter peculiarly within the discretion of the district judge." *Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977) (citing *J. M. Fields of Anderson, Inc. v. Kroger Co.*, 330 F.2d 686, 687 (5th Cir. 1964)); *accord Marable v. Walker*, 704 F.2d 1219, 1221 (5th Cir. 1983).

## Discussion

Initially, it is questionable whether Narconon is entitled to the specific relief it requests. Toucan, rather than Narconon, applied for the special exception permit Narconon wants validated. Toucan would therefore directly benefit from the relief Narconon seeks. In this regard, the requested relief would be inconsistent with the jury determination that the County did not violate Toucan's substantive rights.[4] That is, because Narconon never submitted a permit application, the only permit the Court could validate would be the permit Toucan applied for. The relief sought by Narconon would essentially grant affirmative relief to Toucan – a non-prevailing party – as the owner of the property.[5]

Not only would the requested relief grant Narconon a right it may not be entitled to, and which it never directly requested, the requested relief would extend well beyond remedying past

---

[4] Toucan is not entitled to injunctive relief because it has not, and cannot in light of the adverse jury verdict, establish that its legal rights have been violated. *See Dybczak v. Tuskegee Institute*, 737 F.2d 1524, 1526-1527 (5th Cir. 1984) ("It is well settled that where claims at law and in equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding on the trial court in its determination of the equitable claims."); *see also Klay v. Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004) ("if plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise").

[5] The County suggests that only Toucan, as the owner of the property, could apply for and receive a special use permit. This contention is questionable given that the Hernando County Code appears to contemplate the submission of applications by non-landowners – albeit with the property owner's consent. *See* Hernando County Code, Appendix A, Article V, Section 8.D.(1)(b) ("The application shall be signed by the property owner or accompanied by an affidavit of written permission by the property owner of record and shall include payment of any applicable application fees.").

discrimination.[6] Moreover, an injunction has not been shown to be necessary to protect Narconon against future discrimination by the County. Considering the jury verdict, it is unlikely that the County will again discriminate against Narconon.

Narconon's argument that the single instance of discrimination by the County alone warrants injunctive relief is not persuasive, because there is no showing that the County is likely to discriminate against Narconon in the future. "Although past wrongs are evidence on whether there is a real and immediate threat of repeated injury, past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Church,* 30 F.3d at 1337 (internal quotations and citations omitted). As a result, under the FHA, injunctive relief is inappropriate where there is no proof that the plaintiff will be confronted with the challenged conduct again. *See Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1498 n.14 (10th Cir. 1995); *see also Hill v. Community of Damien of Molokai,* 911 P.2d 861, 876 (N.M. 1996) (denying request for preliminary injunction by group home for AIDS patients because group home made no showing that neighbors planned future conduct that would violate the group home's rights under the FHA).

Narconon has submitted no evidence that the County has engaged in a pattern or practice of discrimination against individuals with disabilities. Rather, it relies solely on the single act of discrimination that gave rise to this proceeding. *Cf. Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 733 (5th Cir. 1977) (single act of discrimination did not warrant broad nationwide injunctive relief); *Marshall v. Airpax Electronics, Inc.,* 595 F.2d 1043, 1044 (5th Cir. 1979)

---

[6] Injunctive relief would also be inconsistent with the jury's rejection of Plaintiffs' claims that the County failed to provide a "reasonable accommodation" by denying the application for a special use permit.

(isolated cases of discrimination did not warrant injunctive relief).[7] Moreover, in the context of land use and special use permits, the circumstances have changed from the time Toucan originally applied for the special use permit in 2009 (and the County's subsequent consideration of the application in February 2011). For example, the County Commission is comprised of different commissioners who no doubt will be particularly sensitive the jury's verdict. And the physical nature of the area surrounding the Spring Hill facility may have changed both in density and character of use since the original application. While it may be that Toucan and/or Narconon will re-apply for a special use permit to expand the facility in Spring Hill, it would be highly presumptuous to find that the County would again act in a discriminatory manner with regard to that application. *See Lyons*, 461 U.S. at 111 ("Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.").

Moreover, as a result of the County's discrimination, Narconon was awarded damages by the jury as a remedy for that. Based on a review of the trial testimony and evidence, the Court is satisfied that the damages awarded were adequate to compensate Narconon for the single instance of discrimination it suffered and that there is no reason to believe the County will engage in

---

[7] In contrast to the facts in this case, a permanent injunction may be appropriate in cases where a pattern or practice of discrimination is shown. *See United States v. Hunter*, 459 F.2d 205, 220, n. 20 (4th Cir. 1972) ("We also note that in *Bailey v. Patterson* and *United States v. Atkins*, a pattern or practice of resistance was established and, in such a case, the likelihood of future resistance may be more substantial than where, as here, only sporadic violations were proved."); *see also United States v. Jamestown Center-in-the-Grove Apartments*, 557 F.2d 1079, 1080 (5th Cir. 1977) (discussing minimum affirmative relief required when pattern or practice of discrimination has been shown under FHA); *United States v. West Peachtree Tenth Corp.*, 437 F.2d 221, 228-29 (5th Cir. 1971) (finding a pattern and practice of discrimination; directing district court to enter an order requiring defendant to submit to district court for approval proposed objective standards and criteria for processing and approval of applications for apartments).

discriminatory conduct *vis-a-vis* Narconon in the future. *See United States v. Hunter*, 459 F.2d 205, 220 (4th Cir. 1972) (holding district court did not abuse its discretion in denying injunction under the FHA against further publication of certain advertising where there was no reason to believe that newspaper would intentionally violate the FHA's proscription against discriminatory advertising with respect to housing); *Saunders v. General Services Corp.*, 659 F.Supp. 1042, 1059-60 (E.D. Va. 1987) (denying request for permanent injunctive relief under the FHA when declaratory judgment, combined with monetary damages, would adequately address plaintiffs' injuries and provide assurances that defendant would not engage in future violations); *cf. Church*, 30 F.3d at 1339-41 (reversing entry of preliminary injunction due to lack of standing and because plaintiffs failed to establish the existence of a municipal policy or pervasive practice that could serve as a predicate to municipal liability under 42 U.S.C. § 1983); *Vaughn v. Consumer Home Mortgage, Inc.*, 293 F.Supp.2d 206, 214 (E.D.N.Y. 2003) (denying request for mandatory permanent injunction against Department of Housing and Urban Development based on failure to discharge duties under the FHA because it was "highly unlikely" that plaintiffs would again suffer harm complained of and any such injuries could be adequately compensated by monetary damages).

Denial of the requested injunctive relief is further buttressed by the mandatory nature of the injunction requested by Narconon. "[M]andatory injunctions are to be sparingly issued and [only] upon a strong showing of necessity and upon equitable grounds which are clearly apparent." *Fox v. City of West Palm Beach*, 383 F.2d 189, 194 (5th Cir. 1967); *see United States v. Board of Educ. of Green County, Miss.*, 332 F.2d 40, 46 (5th Cir. 1965) ("mandatory injunctions are rarely issued ... except upon the clearest equitable grounds"); *Miami Beach Fed. Savings and Loan Ass'n*

*v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) ("A mandatory injunction ... should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."); *see also Harrison v. Otto G. Heinzeroth Mortgage Co.*, 430 F.Supp. 893, 897 (N.D. Ohio 1977) (denying request for mandatory injunction based on violation of the FHA).

## Conclusion

In sum, Narconon has not made "a clear showing of entitlement" to the special use permit it seeks to have validated or that compelling circumstances warrant mandatory injunctive relief. *See Verizon Wireless Personal Communications LP v. City of Jacksonville, Fla.*, 670 F.Supp.2d 1330, 1346 (M.D. Fla. 2009) ("Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'") (quoting *New York SMSA Ltd. Partnership v. Town of Carkstown*, 99 F.Supp.2d 381, 389 (S.D.N.Y. 2000)).[8]

And because federalism concerns require respect for the "integrity and function" of local governmental bodies,[9] a mandatory injunction requiring the County to issue a special use permit

---

[8] Nor would an injunction directing the County not to discriminate with respect to its permit and zoning practices be appropriate. Such nonspecific "obey the law" injunctions cannot be sustained. *See, e.g., Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding injunction ordering city not to discriminate on the basis of race in future annexation decisions would not have satisfied the specificity requirements for injunctions); *Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895 (5th Cir. 1978) (holding that paragraph of injunction prohibiting defendants from "discriminating on the basis of color, race, or sex in employment practices or conditions" failed to satisfy requirement of rule that injunction be specific in terms and describe in reasonable detail the act or acts sought to be restrained).

[9] "[W]hen a party seeks injunctive relief in federal court against a state or local government or governmental entity, concerns of federalism counsel respect for the "integrity and function" of those bodies, *Knox v. Salinas*, 193 F.3d 123, 129–30 (2d Cir. 1999) (quoting *Schwartz v. Dolan*, 86 F.3d 315, 319 (2d Cir.1996)); in other words, the federal court must be cautious about issuing an injunction against a municipality. And caution is especially appropriate in this case because the type of injunction sought is mandatory rather than prohibitory. *See Citizens Concerned For Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980)." *Signature Properties Int'l Ltd. Partnership v. City of Edmond*, 310 F.3d 1258, 1269 (10th Cir. 2002).

is not warranted in this case. Even assuming that Narconon has standing to move for an injunction requiring the County to issue a special use permit and that the mandatory nature of the relief requested might be appropriate in some instances, Narconon has failed to demonstrate that there is an "imminent threat of future violation" so that the "stringent judicial remedy of [mandatory] injunctive relief is required." *Meltzer*, 548 F.2d at 568.

Accordingly,

(1)  Plaintiff Narconon Spring Hill's Motion for Entry of Permanent Injunction Based on Jury Finding of Intentional Discrimination and Motion for Entry of Judgment (Dkt. 117) is **GRANTED** in part and **DENIED** in part.

(2)  The Clerk is directed to enter Final Judgment in favor of Narconon Spring Hill, Inc. and against Hernando County in the amount of $74,490.00 as to Counts II and IV of the Complaint. The Clerk shall enter judgment in favor of Hernando County and against Narconon Spring Hill, Inc. on Counts I and III of the Complaint together with judgment in favor of Hernando County and against Toucan Partners, LLC as to all Counts of the Complaint.

(3)  The Clerk is directed to **CLOSE** this case. The Court reserves jurisdiction to consider applications for costs and/or attorneys' fees in accordance with Rule 54, Federal Rules of Civil Procedure, and Local Rule 4.18.

**DONE AND ORDERED** this 30th day of March, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record